UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ESTATE OF SHELLY MOTT, DEC., *et al.*, §
　§
　*Plaintiffs*, §
　§
v. § CIVIL ACTION H-18-4213
　§
FCA US LLC, *et al.*, §
　§
　*Defendants*. §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs Estate of Shelley Mott, deceased, Stephanie Smith, Hiram Mott, and Glenda Mott's ("Plaintiffs") motion to remand. Dkt. 5; Dkt. 6. Defendant FCA US LLC ("FCA US") responded. Dkt. 10. Defendants Fabtech Industries, Inc. and Wisch Motors, Inc. d/b/a Bayshore Chryler ("Bayshore") joined the response. Dkt. 12; Dkt. 26. Plaintiffs replied. Dkt. 13. FCA US filed a surreply. Dkt. 15. Having considered the motion, response, reply, surreply, and applicable law, the court is of the opinion that the motion to remand (Dkt. 5) should be DENIED.

**I. BACKGROUND**

This case arises from a car crash on July 16, 2015, that resulted in the death of Shelley Mott. Dkt. 1. There have been three lawsuits related to this incident. First, in June 2017, Plaintiffs brought suit against the dealer that sold the truck to Shelley Mott, as well as additional defendants, in Texas state court. Dkt. 10-1; Dkt. 10-2. Plaintiffs did not include present defendants Bayshore or FCA US. *Id.* Second, in July 2017, Plaintiffs brought suit against FCA US and other defendants in California state court. Dkt. 10-3. Bayshore was not a named defendant. *Id.* The case was removed from California state court to a federal bankruptcy court. *See* Dkt. 13 at 1, Dkt. 13-1 at 2–3. The

bankruptcy court dismissed all negligence claims against FCA US and remanded the remainder of the case to state court. Dkt. 13-1 at 2–3. Third, in September 2018, Plaintiffs sued FCA US and Bayshore, among other defendants, for several causes of action, including negligence and strict products liability, in the 152nd Judicial District Court of Harris County, Texas. Dkt. 1-2. FCA US removed the case to this court on diversity grounds. Dkt. 1. Plaintiffs now move to remand the case, arguing that the defendants intentionally and fraudulently removed the case from state court. Dkt. 5.

## II. ANALYSIS

### A. Improper joinder

As a threshold matter, the parties disagree about whether there is complete diversity. The parties dispute whether Bayshore, a non-diverse defendant, was improperly joined for the purposes of defeating this court's diversity jurisdiction.

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the district would have had original jurisdiction over that action. Federal courts have original jurisdiction where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. However, a case may be removed despite a non-diverse defendant if the non-diverse defendant was improperly joined for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The burden to establish improper joinder falls on the party that asserts it. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

To establish improper joinder, a party must demonstrate: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Here, FCA US argues that Plaintiffs cannot establish a cause of action against Bayshore

2

because the statute of limitations to bring a claim against Bayshore has expired. Dkt. 10 at 6–9. Plaintiffs counter that the discovery rule applies to toll the statute of limitations. Dkt. 5 at 12. The discovery rule tolls the running of the statute of limitations until the plaintiff discovers, or through the exercise of reasonable diligence should discover, the nature of the injury. *Id.*

### 1. Discovery rule

Although Plaintiffs argue that the discovery rule applies, the Texas Supreme Court has explicitly held that the discovery rule does not apply to actions resulting in death. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 350 (Tex. 1990). Texas law unambiguously provides that in actions resulting in death, "a person must bring suit not later than two years after the cause of action accrues. . . The cause of action accrues on the death of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(b) (West). Plaintiffs argue that the court should disregard this "absolute rule" because *Moreno* is restricted to its facts and does not overrule prior law. Dkt. 13 at 4. Plaintiffs are mistaken. The *Moreno* court squarely considered the issue: whether the discovery rule applied to the wrongful death statute of limitations. 787 S.W.2d at 349. *Moreno* is not restricted to its facts but rather is on-point law for the court to follow.

Plaintiffs rely on *Nelson v. Krusen*, 687 S.W.2d 918 (Tex. 1984), to argue that courts have disregarded absolute rules "when there is an undiscoverable situation." Dkt. 13 at 4. However, the Texas Supreme Court considered *Nelson* in *Moreno* and explained that *Nelson* and *Moreno* was distinguishable. *Moreno*, 787 S.W.2d at 357. *Nelson* involved the birth of a child with a genetic disease after a doctor represented to the parents that the mother was not a carrier of the disease. *Nelson*, 678 S.W.2d at 919. The *Moreno* court explained that *Nelson* was distinguishable, *inter alia*, because while the injury in *Nelson* did not manifest until after the statute of limitations, in *Moreno*, the "injury—i.e. death—was immediately known." *Moreno*, 787 S.W.2d at 357.

3

## 2. Fraudulent concealment

Plaintiffs also argue that the alleged fraudulent concealment defers a cause of action's accrual. Dkt. 13 at 4–6. However, to prove fraudulent concealment, Plaintiffs must "establish an underlying wrong, and that 'the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex.1999)). They must also establish that their reliance on the misinformation is reasonable. *Id.* at 68. Plaintiffs have not met their burden. The court understands Plaintiffs' briefing to argue that Bayshore concealed evidence of its involvement with the truck involved in the car crash. Dkt. 13 at 6. Plaintiffs argue that there was fraudulent concealment because Bayshore swore to give the complete records of the truck involved in the accident but those records do not show that Bayshore ever performed maintenance work on the truck. Dkt. 5 at 11. However, the original purchaser of the truck testified that Bayshore had performed some work on the truck. *Id.* While this evidence addresses the first element regarding an underlying wrong, Plaintiffs fail to address whether Bayshore knew the plaintiff was in fact wronged and that Bayshore concealed that fact to deceive the plaintiff. Plaintiffs also fail to address how their reliance on the misinformation is reasonable. Accordingly, the fraudulent concealment doctrine does not toll the statute of limitations in the present case.

Because the discovery rule does not apply and Plaintiff's fraudulent concealment argument fails, Plaintiffs' cause of action is barred by the statute of limitations. Therefore, Plaintiffs cannot establish a cause of action against Bayshore and Bayshore was improperly joined for the purposes of defeating diversity jurisdiction.[1] In sum, removal was proper.

---

[1] Further, contrary to Plaintiffs' assertions, a removing party does not need to obtain the consent of an improperly joined defendant. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

### B. Collateral estoppel

Finally, Plaintiffs argue that collateral estoppel prevents remand. Dkt. 13 at 3. Collateral estoppel requires that: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Services, Inc. V. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).[2] Plaintiffs simply define collateral estoppel and do not explain how the facts of this case meet the elements. To the extent Plaintiffs are arguing that collateral estoppel prevents the court from maintaining jurisdiction, that argument fails.

### IV. CONCLUSION

Plaintiffs' motion to remand (Dkt. 5) is DENIED. Plaintiffs' request for attorney's fees (Dkt. 5 at 13) is DENIED. Because Bayshore is an improperly joined defendant, Plaintiffs' claims against Bayshore are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on April 22, 2019.

_____
Gray H. Miller
Senior United States District Judge

---

[2] The parties agree that Texas law applies to this issue. Dkt. 13 at 3–4; Dkt. 15 at 3.